### J R THAMES & CO v MIAMI VALLEY LUMBER CO

Ohio Appeals, 1st Dist, Butler Co

No 621. Decided Dec 7, 1934

**OPINION**

By HAMILTON, PJ.

The real question in the case is, whether or not the order was given by the defendant Lumber Company subject to acceptance by the plaintiff company, and this proposition involves the question as to whether or not the plaintiff's soliciting agent could enter into a contract which would bind the plaintiff company. The rule is, that where an agent fails to disclose lack of authority to bind his principal, and under circumstances and a course of dealing, the buyer has reason to believe the agent has such authority, the principal cannot be heard to say that its agent had no authority to enter into such contract.

The facts as disclosed by the record are:
—That one Wilkinson, a resident of Cincinnati, Ohio, was a salesman employed by J. R. Thames Company, plaintiff in this action, and had been so employed for several years; that he had at different times sold orders to the Wespeiser Lumber Company; that The Miami Valley Lumber Company was the successor of the Wespeiser Lumber Company; that one of the Wespeisers was with the Miami Valley Lumber Company as manager.

It appears that on or about the 21st day of August, 1932, Wespeiser, the manager of the Miami Valley Lumber Company called Wilkinson, whom he knew, telling him he wanted to place an order for a car of yellow pine and a car of west coast products, and that he wanted immediate delivery. Wilkinson told him that the order would be shipped at once, and that he would wire the car numbers, Wilkinson testifying, "I left Mr. Wespeiser a quotation on a previous visit in Oxford; he called me and gave me this business over the phone."

Wilkinson wrote up the order in Cincinnati, putting it in two order forms, No. 27-B and No. 28-B. The orders were not submitted to the Miami Valley Lumber Company, but were sent by Wilkinson direct to the Thames Company.

It is clear the order was given over the telephone for agreed prices, and for prompt shipment. Wilkinson further testified that the order was given over the telephone, and that there was nothing said in the conversation about acceptance by his company.

On August 31, 1932, the J. R. Thames Company wrote a letter to the Miami Valley Lumber Company, as follows:—

"J. R. Thames Company
Birmingham, Ala.,
Aug. 31, 1932.

Maimi Valley Lumber Co.,
Oxford, Ohio
Gentlemen:

We enclose herewith acknowledgment of order covered by our No. 27-B and we will get this stock right out to you.

We regret to advise, however, that we are not in a position to handle the mixed car of siding and shingles but wish to thank you very much for the offer of this business.

If for any reason you do not wish us to ship order 27-B since we cannot furnish the other car kindly wire us at our expense. Not hearing from you by wire, however, we will arrange to make shipment of this order promptly and trust that our inability to handle the west coast order has not inconvenienced you.

Yours truly,
J. R. THAMES & COMPANY,
By J. Thames."

If the contract was completed through the telephone communication with Wilkinson, this letter was a declared breach of that contract. The Miami Valley Lumber Company was not called upon to respond as to any future action or conduct by the

Thames Company, but had a right to rely on the contract as made. It received the car covered by the order designated by the plaintiff company, No. 27-B, and admits its indebtedness for that car. The items covered by the balance of the contract order not arriving and shipment having been refused, as disclosed by the letter, the Miami Valley Lumber Company had the right to go into the open market and buy like goods at the market price. The Sales Statute so provides,—§8446, et seq, GC.

The question occurred as to whether or not the acceptance of the car designated No. 27-B was a release under the original contract. The contract was a single order, and the fact that the purchaser received a part of the items, which would tend to minimize the damages caused by the breach, would not operate as a release under the original contract.

Our conclusion is, that the evidence supports the Miami Valley Lumber Company in its claim, that it had contracted through Wilkinson, and Wilkinson's company will not be heard to deny the contract; that the letter of August 31, 1932, and the refusal and failure to ship the other items constituted a breach; that the measure of damages was the difference in the cost to the Miami Valley Lumber Company, the amount of which is not in dispute.

We find no prejudicial error in the record, and the judgment is affirmed.

CUSHING, J, concurs.